**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1993
_____

UNITED STATES OF AMERICA

v.

DIJUAN TAYLOR,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:23-cr-00091-001)
District Judge: Honorable Nora B. Fischer
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 12, 2025

Before: RESTREPO, McKEE, and AMBRO, *Circuit Judges*

(Opinion filed: January 7, 2026)

_____

OPINION*
_____

McKEE, *Circuit Judge*.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

## I.

Dijuan Taylor appeals from the District Court's judgment of sentence, arguing that 18 U.S.C. § 922(g)(1) violates the Second Amendment facially and as applied to him.[1] However, Taylor concedes that his arguments are foreclosed by our decisions in *United States v. Moore* and *United States v. Quailes* because he was on state probation at the time of his indictment.[2] We agree.

## II.

For the reasons discussed above, we will affirm the District Court's judgment of sentence.

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's legal conclusions de novo and its factual findings for clear error. *United States v. Moore*, 111 F.4th 266, 268 n.1 (3d Cir. 2024), cert. denied, No. 24-968, 2025 WL 1787742 (U.S. June 30, 2025).

[2] *Moore*, 111 F.4th at 272 (holding "that convicts may be disarmed while serving their sentences on [federal] supervised release"); *Quailes*, 126 F.4th 215, 217 (3d Cir. 2025) (extending *Moore*'s logic to "appl[y] with equal force to defendants who are on state supervised release—including a sentence of parole or probation"). Taylor's facial challenge necessarily fails because he cannot "establish that no set of circumstances exists under which the Act would be valid." *United States v. Rahimi*, 602 U.S. 680, 693 (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)).

2